**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARSHALL SALKIN, an individual and ELLEN SALKIN, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> USAA LIFE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 12-55089 <br><br> D.C. No. 5:10-cv-01322-VAP-OP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 10, 2013
Pasadena, California

Before: REINHARDT and CHRISTEN, Circuit Judges, and SEDWICK, District Judge.[**]

Appellants seek review of the district court's order granting United Services

Automobile Association Life Insurance Company's ("USAA") motion for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John W. Sedwick, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review an order granting summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether any genuine issues of material fact remain. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). We affirm.[1]

Under California law, an insurer can "'rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance.'" *Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 75–77 (Cal. Ct. App. 2010) (quoting *TIG Ins. Co. of Mich. v. Homestore, Inc.*, 137 Cal. App. 4th 749, 755–56 (Cal. Ct. App. 2006)). The California Insurance Code provides that "[c]oncealment, whether intentional or unintentional, entitles the injured party to rescind insurance." Cal. Ins. Code § 331. It creates a "statutory framework that imposes 'heavy burdens of disclosure' 'upon both parties to a contract of insurance, and any material misrepresentation or the failure, whether intentional or unintentional, to provide requested information permits rescission of the policy by the injured party.'" *Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 468 (Cal. Ct. App. 2005) (internal citations omitted).

---

[1] In reaching this conclusion, we rely only on evidence the district court ruled admissible. We address appellants' motion to strike in an order filed concurrently with this disposition.

"Materiality," in turn, "is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." Cal. Ins. Code § 334.

USAA argues that Dr. Salkin made misrepresentations in his 2008 application by stating that he had never consulted with a health care provider regarding a mental disorder, had not undergone diagnostic tests within the last five years other than an EKG, and had no medical records. USAA further argues that these misrepresentations were material, and that USAA would not have issued the policy in the first place, based on its underwriting guidelines, if Dr. Salkin had answered its questions accurately. Appellants argue that Dr. Salkin did not actually "conceal" any information on his application, citing *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904 (Cal. 1973).

We agree with the district court that there are no genuine issues of material fact regarding the material misrepresentations Dr. Salkin made in his application for insurance. Therefore, USAA was within its contractual rights to rescind the policy. Appellants' broad reading of *Thompson* is inconsistent with the California Insurance Code and other relevant case law. Under the Code, even an unintentional misrepresentation can be the basis for rescission. Cal. Ins. Code §

3

331. Moreover, where an insurance applicant is asked specific questions as to his medical history — as happened here — "the failure to refer to temporary or minor indispositions" will not be excused as immaterial. *San Francisco Lathing Co. v. Penn Mut. Life Ins. Co.*, 144 Cal. App. 2d 181, 186 (Cal. Ct. App. 1956). During his application interview, Dr. Salkin was asked specific questions about his mental health, diagnostic tests that he had undergone, and whether he had any medical records. He responded with misrepresentations that USAA considered to be material. Moreover, given that he was a physician himself, there is no concern about Dr. Salkin's ability to comprehend questions containing basic medical terminology, let alone those questions that require no particular expertise to understand.

Because appellants' breach of contract claim fails, their claim for breach of the covenant of good faith and fair dealing also fails. *See San Diego Housing Comm'n v. Indus. Indem. Co.*, 68 Cal. App. 4th 526, 544 (Cal. Ct. App. 1998) ("Where a breach of contract cannot be shown, there is no basis for finding a breach of the covenant."). Similarly, because appellants did not oppose USAA's summary judgment motion on their claim for relief from rescission under California Civil Code § 1692, this claim also fails. ER 25. There is no dispute that USAA refunded all premiums paid on the policy at the time of rescission.

4

Appellants also contend that USAA should not have underwritten Dr. Salkin's policy without further investigation. They argue that an insurance company like USAA "should not be allowed to cherry-pick only the undisclosed medical abnormalities it considers material in order to rescind a life insurance policy, while having ignored other disclosed material medical abnormalities that it required and that were in its underwriting file before it issued the Policy." In essence, appellants argue that USAA was negligent in underwriting Dr. Salkin's policy in the first place. But their claims in this litigation sound in contract, not tort, so their suggestion that USAA acted negligently does not raise a genuine issue of material fact.

Appellants also argue that USAA was precluded from rescinding its policy based on a prohibition against "postclaims underwriting." This claim fails because, in California, postclaims underwriting is a defined statutory phrase applicable only to health and disability insurance policies. *See* Cal. Ins. Code § 10384 ("No insurer issuing or providing any policy of disability insurance covering hospital, medical, or surgical expenses shall engage in the practice of postclaims underwriting.") The court declines appellants' invitation to expand California law based on public policy considerations.

5

Finally, because the district court rejected appellants' other claims, their prayer for punitive damages was properly denied as moot.

**AFFIRMED.**

*Salkin v. USAA*, 12-55089
REINHARDT, Circuit Judge, Concurring.

My question is whether Dr. Salkin's failures to disclose were material.

USAA offered testimony from an underwriter that they were. Appellants failed to

offer evidence to the contrary. Accordingly, no genuine issue of fact existed for a

fact finder to resolve, and summary judgment for USAA was appropriate.